7 F.2d 452 (1925)
THE NEWPORT.
G. AMSINCK & CO., Inc.,
v.
PACIFIC MAIL S. S. CO.
No. 4527.
Circuit Court of Appeals, Ninth Circuit.
August 3, 1925.
Thacher & Wright, of San Francisco, Cal. (Thomas A. Thacher and Harrison A. Jones, both of San Francisco, Cal., of counsel), for appellant.
Farnham P. Griffiths, Harold A. Black, and McCutchen, Olney, Mannon & Greene, all of San Francisco, Cal., for appellees.
Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.
*453 McCAMANT, Circuit Judge (after stating the facts as above).
The negligence of the third assistant engineer is admitted, and respondents' case is rested wholly on the third section of the Harter Act (27 Statutes, 445). This section is as follows:
"Sec. 3. That if the owner of any vessel transporting merchandise or property to or from any port in the United States of America shall exercise due diligence to make the said vessel in all respects seaworthy and properly manned, equipped, and supplied, neither the vessel, her owner or owners, agent, or charterers, shall become or be held responsible for damage or loss resulting from faults or errors in navigation or in the management of said vessel nor shall the vessel, her owner or owners, charterers, agent, or master be held liable for losses arising from dangers of the sea or other navigable waters, acts of God, or public enemies, or the inherent defect, quality, or vice of the thing carried, or from insufficiency of package, or seizure under legal process, or for loss resulting from any act or omission of the shipper or owner of the goods, his agent or representative, or from saving or attempting to save life or property at sea, or from any deviation in rendering such service."
Under the maritime law the owner is charged with the duty of furnishing a seaworthy vessel. Carver on Carriage by Sea (6th Ed.) § 17; Sumner v. Caswell (D. C.) 20 F. 249, 252; The Eugene Vesta (D. C.) 28 F. 762; Bowring v. Thebaud, 56 F. 520, 5 C. C. A. 640. The Harter Act has not abrogated this principle. The Carib Prince, 170 U. S. 655, 662, 18 S. Ct. 753, 42 L. Ed. 1181; The Silvia, 171 U. S. 462, 464, 19 S. Ct. 7, 43 L. Ed. 241. The third section of the Harter Act provides that, when the owner "shall exercise due diligence to make the said vessel in all respects seaworthy and properly manned, equipped, and supplied," he shall be relieved of certain enumerated responsibilities. The burden devolves upon the owner to prove the seaworthiness of the vessel or due diligence to make her so. Evidence was received from which the District Court was warranted in holding that the Newport, when her voyage from Christobal to San Francisco began, was "in all respects seaworthy and properly manned, equipped, and supplied," unless it can be said that she became unseaworthy through the negligent act of the third assistant engineer.
The authorities give to the word "seaworthiness" a wider application than the word itself imports. "It means that the vessel must be fit for carrying the goods on the voyage in question." McFadden v. Blue Star Line, 10 Asp. N. S. 55, 58. In The Southwark, 191 U. S. 1, 8, 24 S. Ct. 1, 3 (48 L. Ed. 65), the Supreme Court adopts the following definition from Bouvier: "The sufficiency of the vessel in materials, construction, equipment, officers, men and outfit for the trade or service in which it is employed." In The Silvia, 171 U. S. 462, 19 S. Ct. 7, 43 L. Ed. 241, it is said: "The test of seaworthiness is whether the vessel is reasonably fit to carry the cargo which she has undertaken to transport."
In The Southwark, 191 U. S. 1, 24 S. Ct. 1, 48 L. Ed. 65, the vessel in question was used for the transportation of fresh meat. It was held that the inefficiency of her refrigerating plant rendered her unseaworthy. The failure securely to close a porthole, not readily accessible during the voyage, may render a vessel unseaworthy. International Co. v. Farr Co., 181 U. S. 218, 21 S. Ct. 591, 45 L. Ed. 830; The Manitoba (D. C.) 104 F. 145. A defect in the equipment, which permits water to come in contact with perishable cargo, spells unseaworthiness. The Jeanie, 236 F. 463, 149 C. C. A. 515; The Asuarca (C. C. A.) 291 F. 73.
The identical situation with which we are concerned in the case at bar has been held to constitute unseaworthiness. The Manitou (D. C.) 116 F. 60, 65. In this case the court held that the valves controlling the admission of steam to the smothering system had not been properly closed before the vessel sailed. The owner was therefore denied exemption from liability under section 3 of the Harter Act. The Circuit Court of Appeals for the Second Circuit affirmed the above case. 127 F. 554, 63 C. C. A. 109.
If the negligent act of the third assistant engineer had been committed an hour later, and after the vessel was under way, it would have been a "fault or error in the management of the vessel," for which the owner would be relieved of liability under the Harter Act. The Sandfield (D. C.) 79 F. 371, affirmed 92 F. 663, 667, 34 C. C. A. 612; The Merida, 107 F. 146, 149, 46 C. C. A. 208; The Indrani, 177 F. 914, 101 C. C. A. 194; Sun Co. v. Healy, 163 F. 48, 49, 50, 89 C. C. A. 300; The Carisbrook (D. C.) 247 F. 583; Rowson v. Atlantic Transport Co., 9 Aspinall, N. S. 458; The Glenochil, Probate 10.
The negligent act of the third assistant engineer was committed while he was endeavoring to obey an order looking to the *454 beginning of the voyage, but the voyage had not begun. In International Co. v. Farr Co., 181 U. S. 218, 21 S. Ct. 591, 45 L. Ed. 830, Mr. Chief Justice Fuller said: "Seaworthiness at the commencement of the voyage is a condition precedent." "Fault in management is no defense, when there is lack of due diligence before the vessel breaks ground." It is held that the warranty of seaworthiness applies "before the commencement of the voyage and until it is actually commenced."
The owner is chargeable with the duty to furnish a seaworthy vessel "at the commencement of the voyage," Carver on Carriage by Sea (6th Ed.) § 18; "at the time she sails," McFadden v. Blue Star Line, 10 Asp. N. S. 55, 58, Sumner v. Caswell (D. C.) 20 F. 249, 252; In re Meyer (D. C.) 74 F. 881, 885; "when she breaks ground," The Eugene Vesta (D. C.) 28 F. 762; Bowring v. Thebaud, 56 F. 520, 5 C. C. A. 640; "at the beginning of her voyage," The Silvia, 171 U. S. 462, 464, 19 S. Ct. 7, 43 L. Ed. 241; The Willdomino (C. C. A.) 300 F. 5, 10, 11; "before the commencement of the voyage and until it is actually commenced," Kaufer Co. v. Luckenbach Steamship Co. (D. C.) 294 F. 978.
When the Newport broke ground, steam was passing through the pipes of her smothering system into the portion of the hold in which libelant's coffee was stowed. In this respect the vessel was not at that time "reasonably fit to carry the cargo which she had undertaken to support." Appellees argue that the owner is entitled to the protection of the Harter Act if he furnishes a seaworthy vessel when the loading is completed and all preparations are made to begin the voyage. They rely chiefly on Ralli v. New York Co., 154 F. 286, 83 C. C. A. 290, Steamship Wellesley Co. v. Hooper, 185 F. 733, 108 C. C. A. 71, and Gilchrist Transportation Co. v. Boston Insurance Co., 223 F. 716, 139 C. C. A. 246. In all of these cases the shipowner was held liable.
In Ralli v. New York Co. the Circuit Court of Appeals for the Second Circuit said: "We are of the opinion that respondent cannot claim the benefit of the section above quoted [section 3 of the Harter Act] for the reason that the voyage had not commenced, the cargo was not yet all on board, nor the vessel ready to sail." In the next sentence the court says: "The language of the section so clearly contemplates a distinction between the preparation for a voyage, and the management of the same after it has begun," etc. The opinion does not hold that the obligation of the owner is fulfilled by furnishing a seaworthy vessel at some time prior to the commencement of the voyage. The feeding of steam to the capstan for the purpose of casting off the lines was an act of preparation for the voyage. Under the principles announced in the Ralli Case appellees have not made out their defense.
In Steamship Wellesley Co. v. Hooper, 185 F. 733, 738, this court speaking through Judge Gilbert comments on the Ralli Case and follows it. Judge Gilbert holds that improper loading renders a vessel unseaworthy. His opinion does not imply that the owner performs his full duty by furnishing a vessel which is seaworthy at some time before the voyage begins. In Gilchrist Transportation Co. v. Boston Insurance Co., 223 F. 716, 139 C. C. A. 246, the vessel had been fully loaded and then moved to a place in Duluth harbor seven miles distant. She had not been inspected, and the navigation season had not opened. It was held for these reasons that the voyage had not commenced, and the protection of the Harter Act was unavailable to the owner.
There is language in the Glenochil, Probate 10, which supports respondents' contention, but it was not necessary to the conclusion reached by the British court. The case holds that the Harter Act will protect the owner from responsibility for a negligent act in the management of the vessel during the discharge of cargo. This principle is also announced in Sun Co. v. Healy, 163 F. 48, 49-50, 89 C. C. A. 300, and is approved in The Germanic, 196 U. S. 589, 597, 25 S. Ct. 317, 49 L. Ed. 610. The clear weight of authority supports appellant's contention that the vessel must be seaworthy when the voyage begins, or that due diligence has been exercised to make her so.
This court has held that the Harter Act is to be strictly construed. The Jeanie, 236 F. 463, 471, 149 C. C. A. 515. To sustain appellees' contentions would be to construe the statute liberally. Appellees are seeking to escape responsibility for the negligent act of their servant. The burden devolves upon them to show that at the commencement of the voyage the Newport was seaworthy, or that they had exercised due diligence to make her so. They have failed to sustain this burden.
The decree is reversed, and a decree will be entered, charging respondents with the payment of libelant's damages, to be assessed by the District Court.